IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marian Stone, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 3905 |
| ) | |
| American Recovery Services, Inc., a ) | |
| California corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Marian Stone, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Marian Stone ("Stone"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt owed for an American Express account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, American Recovery Services, Inc., ("ARSI"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ARSI operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARSI was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ARSI is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ARSI conducts business in Illinois.

6. Moreover, Defendant ARSI is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ARSI acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Stone is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an American Express account. When ARSI began trying to collect this debt from Ms. Stone, by sending her a collection letter dated August 17, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ARSI's collection actions. A copy of Defendant's letter is attached as Exhibit C.

8. Accordingly, on October 28, 2010, one of Ms. Stone's attorneys at LASPD informed ARSI, in writing, that Ms. Stone was represented by counsel, and directed

ARSI to cease contacting her, and to cease all further collection activities because Ms. Stone was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant ARSI sent a collection letter, dated April 11, 2011, directly to Ms. Stone, which demanded payment of the American Express debt. A copy of this letter is attached as Exhibit E.

10. Accordingly, on May 20, 2011, one of Ms. Stone's LASPD attorneys had to write to Defendant ARSI again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant ARSI's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ARSI's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Stone's, agent, LASPD, told Defendant ARSI to cease communications and cease collections (Exhibit D). By continuing to

communicate regarding this debt and demanding payment (Exhibit E), Defendant ARSI violated § 1692c(c) of the FDCPA.

16. Defendant ARSI's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ARSI knew that Ms. Stone was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant ARSI to cease directly communicating with her. By directly sending Ms. Stone a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant ARSI violated § 1692c(a)(2) of the FDCPA.

20. Defendant ARSI's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Marian Stone, prays that this Court:

1. Find that Defendant ARSI's debt collection actions violated the FDCPA;

4

5

    2.    Enter judgment in favor of Plaintiff Stone, and against Defendant ARSI, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marian Stone, demands trial by jury.

        Marian Stone,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: June 8, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com